**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 04-CR-166-TCK |
| | ) | (07-CV-279-TCK-FHM) |
| **DONALD LEE WARREN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court are the following motions filed by Defendant Donald Lee Warren: motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 73), motion to amend (Dkt. # 81), motion to clarify (Dkt. # 85), motion for grand jury transcripts (Dkt. # 86), motion for evidentiary hearing (Dkt. # 93), and motion to supplement and/or amend § 2255 (Dkt. # 103). The government filed a response (Dkt. # 87) to the § 2255 motion and the motion to amend. Defendant filed a reply (Dkt. # 90). By Order filed January 6, 2011 (Dkt. # 106), the Court directed the government to respond to Defendant's motion to supplement and/or amend. On January 31, 2011, the government filed its response (Dkt. # 107). On February 22, 2011, Defendant filed a reply (Dkt. # 110).

For the reasons discussed below, the Court finds that Defendant's motion to supplement and/or amend shall be granted. Because Defendant is entitled to sentencing relief under Chambers v. United States, 555 U.S. 122 (2009), this matter shall be set for resentencing. However, Defendant is not entitled to relief on the claims asserted in his original § 2255 motion or in his motion to amend. Defendant's motion to clarify shall be declared moot. His motions for grand jury transcripts and for an evidentiary hearing shall be denied.

*BACKGROUND*

On January 19, 2005, Defendant pled guilty to Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). See Dkt. # 26. On May 2, 2005, the Court sentenced Defendant under the Armed Career Criminal Act ("ACCA")[1] to a term of imprisonment of 188 months. See Dkt. # 33. Judgment (Dkt. # 52) was entered on May 19, 2005.

Defendant appealed to the Tenth Circuit Court of Appeals. He raised one claim challenging this Court's application of the ACCA. By Order filed February 8, 2006 (Dkt. # 68), the appellate court affirmed this Court's Judgment. Defendant was represented during both his district court and appellate proceedings by attorney Stanley D. Monroe.

On May 10, 2007, Defendant filed the instant § 2255 motion (Dkt. # 73). He identifies four (4) grounds of error. On May 14, 2007, Defendant filed a "motion for leave to amend" (Dkt. # 78) the § 2255 motion. Defendant asserted that his § 2255 motion was "generic" and filed due to the "time constraint of the habeas proceeding expiring." He requested "an extension for the leave [to] amend in the allotted frame of time of 150 days to examine all court – materials and instruments filed and to examine all items not included . . . ." See Dkt. # 78. By Order filed May 21, 2007, the Court denied the motion to amend based both on Defendant's failure to comply with the Court's Local Rules and on his failure "to identify any additional claim he intends to raise in an amended

---

[1] At sentencing, see Dkt. # 60, Trans. Sent. at 5-8, the government stated that Defendant had four prior violent felony convictions that qualified as predicate offenses under the ACCA: an arson conviction entered in Wagoner County District Court, Case No. CRF-86-231; a conviction for second degree burglary entered in Wagoner County District Court, Case No. CRF-88-65; an escape conviction entered in Muskogee County District Court, Case No. CRF-97-787; and a second escape conviction entered in Pittsburg County District Court, Case No. F-89-457. The Pittsburg County escape conviction was not identified in the presentence report.

§ 2255 motion." See Dkt. # 79. The Court also directed the government to respond to the § 2255 motion. Id.

On June 11, 2007, Defendant filed a second "motion for leave to amend" (Dkt. # 81). In the second motion to amend, Defendant identifies eleven (11) additional grounds of error. On June 12, 2007, the government filed a motion for extension of time to respond to the § 2255 motion. By Order filed June 13, 2007 (Dkt. # 83), the Court granted the government's motion for extension of time to respond and directed the government to respond to both the § 2255 motion and the second motion to amend.

On July 19, 2007, the government filed its response to the § 2255 motion and to the motion to amend (Dkt. # 87). The government asserts that Defendant is not entitled to relief on any of the claims raised in either the § 2255 motion or the motion to amend. Three days before the government filed its response, Defendant filed a "motion of clarification" (Dkt. # 85) and a "motion for grand jury transcripts" (Dkt. # 86). On September 18, 2007, Defendant filed a reply (Dkt. # 90) to the government's response. On January 16, 2009, Defendant filed a motion for evidentiary hearing (Dkt. # 93), and on June 25, 2010, he filed a "motion to supplement and/or amend § 2255" (Dkt. # 103). By Order filed January 6, 2011 (Dkt. # 106), the Court directed the government to respond to Defendant's motion to supplement and/or amend. On January 31, 2011, the government filed its response (Dkt. # 107). On February 22, 2011, Defendant filed a reply (Dkt. # 110).

*ANALYSIS*

**A. Evidentiary hearing (Dkt. # 93)**

The Court finds that an evidentiary hearing is not necessary as the issues raised by Defendant in his § 2255 motion and motion to amend, as well as the issues discussed by Defendant in his

motion for an evidentiary hearing, can be resolved on the basis of the record. See Townsend v. Sain, 372 U.S. 293, 318 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, Defendant's motion for an evidentiary hearing (Dkt. # 93) shall be denied.

**B. Motion for grand jury transcripts (Dkt. # 86)**

In his motion requesting "issuance of the Grand Jury record and transcripts" (Dkt. # 86), filed July 16, 2007, Defendant asserts that he needs the grand jury transcripts because issues have "arisen" concerning whether the jurors were selected from a fair cross-section of the population, whether the grand jury proceeding comported with due process and equal protection principles, whether the grand jury was properly instructed, whether the grand jury found the § 924 (e) allegation credible, whether there was prosecutorial misconduct, and whether fabricated evidence was presented. See Dkt. # 86.

In relevant part, Rule 6(e)(3)(E), *Federal Rules of Criminal Procedure*, provides:

> The court may authorize disclosure-at a time, in a manner, and subject to any other conditions that it directs-of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding; [or] (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury....

See Rule 6(e)(3)(E). The Tenth Circuit Court of Appeals has recognized that a presumption exists against disclosure of grand jury testimony unless the moving party satisfies the test announced by the Supreme Court in Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979). See In re Lynde, 922 F.2d 1448, 1451-52 (10th Cir. 1991). Under Douglas Oil, parties seeking grand jury materials pursuant to Rule 6(e) must show a "particularized need" and "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is

4

greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Id. (quoting Douglas Oil, 441 U.S. at 222).

In this case, Defendant presents neither a particularized need nor adequately overcomes the presumption against disclosure of the grand jury materials. His claims are conclusory and unsupported by any factual allegations. As a result, the Court finds his motion for grand jury transcripts should be denied.

**C. Motion to amend (Dkt. # 81)**

In his second motion to amend (Dkt. # 81), Defendant identifies eleven grounds of error. The Court directed the government to respond to the motion to amend. In compliance with the Court's directive, the government responded to the motion, addressing the claims raised by Defendant. Because the government did not assert an affirmative defense, such as the statute of limitations, and instead responded to the claims raised by Defendant, the Court shall grant the motion to amend and consider the eleven claims identified by Defendant in his motion to amend along with the four claims identified by Defendant in his § 2255 motion. Defendant's motion to clarify shall be declared moot.

**D. Claims raised in § 2255 motion and in second motion to amend (Dkt. #s 73 and 81)**

A prisoner in federal custody has the right to move the sentencing court to vacate, set aside or correct the sentence if the sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Defendant identifies four (4) claims in his 28 U.S.C. § 2255 motion, as follows:

Ground 1: District Court erred to not address initial Speedy Trial Act when in motion previously, ineffective assistance of counsel.

5

> Ground 2: Counsel ineffective in assistance. Due Process Violation.
>
> Ground 3: A <u>Booker</u> violation under 3553(b)(1) and 3742(e) of the GUIDELINES.
>
> Ground 4: 14 Amendment violation due process violation.

(Dkt. # 73). In his motion to amend (Dkt. # 81), Defendant identifies eleven (11) additional claims, summarized as follows:

> (1) the government breached the defendant's plea agreement when it agreed to and called for a higher sentence than the charge in the indictment carried;
>
> (2) the government violated the plea agreement by supporting the PSR, which recommended a sentence of 15 years or 188 months;
>
> (3) facts proven only by a preponderance of the evidence were used to enhance Defendant's sentence in violation of <u>Booker</u>;
>
> (4) a burglary conviction used as a predicate offense under the ACCA was insufficient under <u>Taylor v. United States</u>;
>
> (5) the district court relied upon information not contained within the indictment to sentence Defendant, in violation of <u>Blakely</u> and <u>Apprendi</u>;
>
> (6) a burglary conviction used as predicate for sentencing Defendant under the ACCA did not qualify as a predicate offense because it did not involve physical force or burglary of a dwelling;
>
> (7) Defendant's conviction for possessing a firearm and ammunition after former conviction of felony did not qualify him for sentencing under the ACCA;
>
> (8) Defendant's conviction for breaking and entering did not qualify as a predicate offense under the ACCA;
>
> (9) Defendant's attorney was ineffective for not contesting the validity of his criminal history and his ACCA status;
>
> (10) the government breached the plea agreement and violated Defendant's right under the Confrontation Clause in some unspecified way; and
>
> (11) the government breached the Speedy Trial Act.

(Dkt. # 81). For the reasons discussed below, the Court finds Defendant is not entitled to relief under § 2255 on any of the fifteen claims.

### 1. *Claims adjudicated on direct appeal will not be revisited*

In response to Defendant's motion, the government asserts that Defendant raised his fourth, sixth and eighth claims, as identified in the motion to amend, in his direct appeal to the Tenth Circuit. Each of those claims challenge the use of Defendant's second degree burglary conviction as a predicate offense under the ACCA. "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be reconsidered on a collateral attack by a motion pursuant to 2255." United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989) (citing United States v. Nolan, 571 F.2d 528, 530 (10th Cir. 1978)); see also United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (holding that defendant could not raise issues in a § 2255 motion that were "previously considered and disposed of" on direct appeal). Furthermore, a decision rendered by the circuit court of appeals on a claim reurged in a § 2255 motion is binding in the § 2255 case. United States v. Alvarez, 142 F.3d 1243, 1247 (10th Cir.1998) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (internal quotations omitted).

Upon review of the record, the Court finds merit to the government's assertion that Defendant raised his fourth, sixth and eighth claims, as identified in the motion to amend, on direct appeal. Tenth Circuit law governing the use of Defendant's burglary conviction as a predicate offense under the ACCA has not changed since adjudication of Defendant's direct appeal. See United States v. Ramon Silva, 608 F.3d 663, 665 (10th Cir. 2010) (applying Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005), to determine whether

burglary conviction qualified as predicate offense). The Court notes that the Supreme Court's decision in Johnson v. United States, 130 S.Ct. 1265 (2010) (holding that a defendant's prior battery conviction under Florida law was not a "violent felony" under the ACCA), as cited by Defendant in his most recent motion to amend (Dkt. # 103), interpreted the meaning of "physical force" under § 924(e)(2)(B)(i), as applicable to a prior battery conviction. The decision does not impact the validity of Defendant's second degree burglary conviction as a predicate offense under § 924(e)(2)(B)(ii). Therefore, the Court will not reconsider those claims resolved by the Tenth Circuit on direct appeal.

*2. Ineffective assistance of counsel claims lack merit*

Defendant identifies three claims of ineffective assistance of counsel. In his § 2255 motion, Defendant claims that his attorney provided ineffective assistance when he failed to allege a violation of his speedy trial rights and when he failed to seek invalidation of the enhancement of his sentence under § 924(e) because it was not presented to the grand jury. In the motion to amend, Defendant claims that his attorney provided ineffective assistance when he failed to contest the validity of his criminal history.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a]

8

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir.1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

### a. Claim based on alleged violation of speedy trial rights

First, Defendant claims that his attorney provided ineffective assistance in failing to object to his prosecution as violative of his speedy trial rights. Defendant's claim is belied by the record. On September 9, 2004, a charge identical to that filed in this case was dismissed without prejudice based upon the unreasonable delay between the filing of the charge and Defendant's initial appearance on the charge. See N.D. Okla. Case No. 03-CR-165-TCK, Dkt. # 37. In the instant case, Case No. 04-CR-166-TCK, a complaint was filed on September 14, 2004. Defendant appeared on the complaint on September 28, 2004. The grand jury returned an indictment against Defendant on October 7, 2004. Defendant made his initial appearance and was arraigned on October 26, 2004. On November 12, 2004, counsel for Defendant filed a motion to suppress evidence (Dkt. # 11), along with a motion to dismiss with prejudice asserting that "the Government's negligent delay in

9

bringing the instant prosecution has caused Defendant to suffer prejudice, and dismissal with prejudice is the only appropriate remedy available to Defendant." See Dkt. # 12. On December 7, 2004, the Court held a hearing on the motion to dismiss. At the conclusion of the hearing, the motion to dismiss was overruled. Thereafter, on December 20, 2004, Defendant executed a waiver of his right to a speedy trial (Dkt. # 19). On January 19, 2005, after a jury had been selected, Defendant entered his plea of guilty.

Defendant has failed to allege a factual basis for his ineffective assistance of counsel claim based on violation of the Speedy Trial Act. The Court recognizes that Defendant refers to the Order filed September 9, 2004, and complains that the Court did not address the speedy trial issue. However, that Order was filed in Defendant's prior case. The record for the instant case, as outlined above, does not support Defendant's claim that his attorney provided ineffective assistance in arguing Defendant's rights under the Speedy Trial Act. The Court finds counsel did not perform deficiently, and as a result, Defendant's claim of ineffective assistance of counsel fails. Cook, 45 F.3d at 393.

**b. Failure to require § 924(e) enhancement to be presented to grand jury**

As his second ground of error asserted in his § 2255 motion, Defendant complains that his attorney provided ineffective assistance in failing to argue that the enhancement of his sentence under the ACCA was not presented to the grand jury. That claim is foreclosed by Tenth Circuit precedent. In United States v. Moore, 401 F.3d 1220 (10th Cir. 2005), the Tenth Circuit specifically held that a defendant's prior convictions under § 924(e) were not required to be charged in an indictment and were not facts that needed to be proved to a jury. Id. at 1223. In addition, the characterization of a defendant's prior felony convictions as crimes of violence was a question of

10

law to be determined by the court. Id. at 1224; see also United States v. Harris, 447 F.3d 1300, 1303 (10th Cir. 2006). Defendant's attorney did not perform deficiently in failing to argue that the enhancement of his sentence under § 924(e) had not been presented to the grand jury. Cook, 45 F.3d at 323.

### c. Failure to contest validity of criminal history

As the ninth issue raised in the motion to amend, Defendant complains that his attorney provided ineffective assistance in failing to contest the validity of his criminal history. Defendant fails to provide any factual support for this claim. The record, however, reflects that counsel filed objections to the presentence report, see Dkt. # 31, specifically challenging the use of Defendant's convictions for arson, burglary, and escape as predicate offenses under the ACCA. He also filed a sentencing memorandum (Dkt. # 32) providing further argument supporting his objections. At sentencing, the Court adopted the presentence investigation report over Defendant's objections and sentenced Defendant under the ACCA to a term of imprisonment of 188 months. See Dkt. # 33. The record also reflects that on direct appeal, counsel challenged the use of Defendant's prior convictions as predicate offenses under the ACCA. See Dkt. # 68. Based on that record, the Court finds Defendant's ineffective assistance of counsel claim for failure to challenge his criminal history lacks merit.

### *3. Claims that were not raised on direct appeal are procedurally barred*

The remainder of Defendant's claims, specifically his third and fourth grounds of error raised in his § 2255 motion, and grounds 1, 2, 3, 5, 7, 10, and 11, as identified in his motion to amend, were not raised on direct appeal. "Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." Warner, 23 F.3d at 291. Because Defendant failed

11

to raise the identified claims on direct appeal, they are procedurally barred unless Defendant establishes cause for his default and prejudice resulting therefrom, or can show that a fundamental miscarriage of justice will occur if his claims are not addressed. Cook, 45 F.3d at 392. The procedural default rules developed in the context of habeas corpus cases apply with equal force in § 2255 cases. United States v. Frady, 456 U.S. 152, 166-69 n. 15 (1982).

The "cause" standard requires a defendant to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence or a change in the law. Id. Ineffective assistance of counsel is another example of an external factor that may constitute "cause" excusing a procedural default. Cook, 45 F.3d at 392. As for prejudice, a defendant must show "'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 168. The "fundamental miscarriage of justice" exception requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his reply (Dkt. # 90) to the government's response, Defendant does not argue "cause" to overcome the procedural bar resulting from his failure to raise the defaulted claims on direct appeal. Defendant does allege, however, that he is actually innocent of the sentence imposed under § 924(e). See Dkt. # 90. Defendant's argument confuses the basis for the underlying conviction and enhancement of the sentence. Defendant was convicted of being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g). He was not convicted under 18 U.S.C. § 924(e)(1), the statute used only to enhance his sentence. A person might be "actually innocent" of the underlying crime giving rise to the conviction, but he cannot be considered either "guilty" or "innocent" of a

sentence enhancement. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) (stating that "[a] person cannot be actually innocent of a noncapital sentence"). As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case. The Court concludes that the identified claims that were not raised on direct appeal shall be denied as procedurally barred.

**E. Motion to supplement and/or amend (Dkt. # 103)**

On June 25, 2010, Defendant filed a "motion to supplement and/or amend" (Dkt. # 103) requesting leave to assert that: (1) under Chambers v. United States, 555 U.S. 129 (2009), one of his predicate felony offenses used under the ACCA, an escape conviction entered in Muskogee County District Court, Case No. CF-97-787, was a "walkaway" escape that no longer qualifies as a violent felony, and (2) under Johnson v. United States, 130 S.Ct. 1265 (2010), his prior second degree burglary conviction was not a crime of violence and, therefore, should not have been used as a predicate offense for application of the ACCA. The Court shall grant the motion and shall consider Defendant's claims.

First, the Court has determined above that the Supreme Court's decision in Johnson does not impact the validity of Defendant's second degree burglary conviction as a predicate offense under § 924(e)(2)(B)(ii). As to his challenge under Chambers, Defendant claims that his escape conviction entered in Muskogee County District Court, Case No. CRF-97-787, no longer qualifies as a predicate offense for enhancement of his sentence under the ACCA. See Dkt. # 103. The government responds that Defendant is not entitled to relief from his sentence because the holding of Chambers does not apply to Defendant's escape conviction. See Dkt. # 107.

Under Tenth Circuit law in effect at the time of Defendant's sentencing, every escape was a violent felony under the ACCA. See United States v. Moore, 401 F.3d 1220, 1225 (10th Cir.

13

2005); United States v. Moudy, 132 F.3d 618, 620 (10th Cir. 1998). On January 13, 2009, however, the Supreme Court decided Chambers, holding that certain types of escapes are not violent felonies within the meaning of the ACCA. Specifically, the Supreme Court distinguished passive "failure to report" incidents, including failure to report to a penal institution, failure to report for periodic imprisonment, failure to return from furlough, and failure to return from work or day release, from aggressive behavior more likely to involve a risk of physical harm underlying an escape from custody. Chambers, 555 U.S. at 126-27 (citing Begay v. United States, 553 U.S. 137, 144-46 (2008)).

To determine whether a prior conviction qualifies as a "violent felony" under the ACCA, the Court generally uses a categorical approach, looking "only to the statutory definitions of the prior offenses, and not the particular facts underlying those convictions." Sykes v. United States, 131 S.Ct. 2267, 2273 (2011); Taylor v. United States, 495 U.S. 575, 600 (1990). If, however, a statute encompasses both conduct that would qualify as a predicate offense and conduct that would not, the Court employs a "modified categorical approach." United States v. Wise, 597 F.3d 1141, 1144 (10th Cir. 2010).[2] That approach requires the Court to "look to the statutory elements, the defendant's charging documents, plea agreement and colloquy (if any), and uncontested facts found by the district judge to determine whether the particular defendant's conduct violated the portion of the statute that is a crime of violence." Id. at 1144. The Court may not consider police reports,

---

[2]Although the issue in Wise involved sentence enhancement under the career offender provision of USSG § 4B1.2, as opposed to sentence enhancement under the ACCA, "the definition of crime of violence contained in USSG § 4B1.2(a) is virtually identical to that contained in the ACCA." United States v. Tiger, 538 F.3d 1297, 1298 (10th Cir. 2008); see also United States v. Thomas, --- F.3d ---, 2011 WL 2620644, *3 (10th Cir. 2011) ("Because of this commonality of language in the residual clauses of the ACCA and USSG § 4B1.2(a), we have consistently interpreted them identically.").

complaint applications, or other similar documents containing information which has not been found beyond a reasonable doubt or confirmed by the defendant, even if there is reliable evidence to suggest that it is true. Shepard v. United States, 544 U.S. 13, 16, 22-23 (2005).

As to the escape conviction entered in Muskogee County, Defendant was convicted of violating Okla. Stat. tit. 21, § 443 (1994). That statute provides, in pertinent part, that:

> B. Any person who is an inmate in the custody of the Department of Corrections who escapes from said custody, either while actually confined in a correctional facility, while assigned to the house arrest program authorized by Section 510.2 of Title 57 of the Oklahoma Statutes or other alternative to incarceration authorized by law, while assigned to the Preparole Conditional Supervision Program as authorized by Section 365 of this title or while permitted to be at large as a trusty, shall be punishable by imprisonment of not less than two (2) years nor more than seven (7) years.
> C. For the purposes of this section, an inmate assigned to the house arrest program, other alternative to incarceration authorized by law, or to the Preparole Conditional supervision Program shall be considered to have escaped if the inmate cannot be located within a twenty-four hour period or if he fails to report to a correctional facility or institution, as directed.

Okla. Stat. tit. 21, § 443 (1994). Thus, Oklahoma's escape statute encompasses both escapes that qualify as violent felonies after Chambers and "failure to report" escapes, which are excluded under Chambers. Because Oklahoma's escape statute includes, by definition, at least one form of conduct that is and one form of conduct that is not an ACCA predicate, the Court must now apply the "modified categorical approach" and determine whether Defendant's charging documents and any judicial records "necessarily" show that Defendant pled guilty to generic conduct that would constitute a violent felony. See Shepard, 544 U.S. at 20-21; see also United States v. Charles, 576 F.3d 1060, 1069-70 (10th Cir. 2009). They do not.

15

In response to the claims asserted in Defendant's motion to supplement and/or amend, the government has provided relevant documents filed in Muskogee County District Court, Case No. CF-97-787. See Dkt. # 107, Ex. A. The Information filed in that case reflects that Defendant was charged with escape as follows:

> [O]n the 6th day of August, 1997, in said County of Muskogee and State of Oklahoma one DONALD LEE WARREN AKA DONNIE LEE WARREN, did then and there unlawfully, wrongfully, willfully and feloniously, while an inmate confined to a facility with the Department of Corrections, to-wit: JESS DUNN CORRECTIONAL CENTER, Muskogee County, Oklahoma, . . . and while legally confined in said Institution, effected escape therefrom; contrary to the form and statue in such cases made and provided and against the peace and dignity of the State.

(Dkt. # 107, Ex. A). In addition, an Affidavit filed in Case No. CF-97-787, provided that Defendant "did effectuate an escape therefrom by leaving said institution." Id. The Judgment entered against Defendant in Case No. CF-97-787, provided that Defendant "[e]ntered a plea of guilty to the crime of Escape from a Penal Institution." Id. In the "Plea of Guilty Summary of Facts" filed in Case No. CF-97-787, Defendant identified the factual basis for his plea of guilty as follows: "Left Jess Dunn C.C. in Taft, Muskogee County, OK on Aug. 6, 97, while an inmate, w/o permission." Id. In the PSR prepared for this case, Jess Dunn Correctional Center ("JDCC") is identified as a "low security prison."

Those records demonstrate that the Muskogee County escape was not a "failure to report" escape. Instead, Defendant's escape from JDCC could be categorized as a "walkaway" escape. Extending the Chambers analysis to a walkaway escape, the relevant question for the Court is whether an offender who walks away from a minimum security facility "is significantly more likely than others to attack or physically to resist, an apprehender, thereby producing a serious potential risk of physical injury." Chambers, 555 U.S. at 128-29. Relying on the United States Sentencing

16

Guidelines, see U.S.S.G. § 2P1.1(b)(3), the District of Kansas has determined that"[f]ederal law supports regarding walkaway escapes as 'a meaningfully distinct and meaningfully distinguishable category of escape.'" United States v. Charles, 667 F.Supp.2d 1246, 1257 (D. Kan. 2009) (quoting United States v. Ford, 560 F.3d 420, 424 (6th Cir. 2009)).  As noted in Charles, both the Sixth and Seventh Circuits have concluded that walkaways do not present the same risks or same kind of purposeful, violent and aggressive behavior as escapes from secure custody. Charles 667 F.Supp.2d at 1258 (citing Ford, 560 F.3d at 426 ("[A] walkaway is not a crime of violence."); United States v. Templeton, 543 F.3d 378, 383 (7th Cir. 2008) ("A walkaway is not a crime of violence under Begay."); but see United States v. Delgado, 320 Fed. Appx. 286, 287 (5th Cir. 2009)).  Looking to the Report on Federal Escape Offenses in Fiscal Years 2006 and 2007, reprinted in part as Appendix B to the Chambers, 555 U.S. at 131, only a small percentage of violent incidents (only 1.7 % of the cases involved force and 1.7% involved injury) occurred for escapes from non-secure custody.[3] Those statistics support the conclusion that Defendant's Muskogee County escape from a minimum security facility had low potential for risk of physical injury or of violence in his later apprehension. The Court finds that Defendant's Muskogee County escape does not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B).

The record developed at Defendant's sentencing reflects that Defendant had a second escape conviction entered in Pittsburg County.  At the Court's direction, the government provided relevant

---

[3]Although Defendant's escapes were from state facilities, the Court finds it instructive to look to definitions provided in the United States Sentencing Guidelines for interpreting the analysis used in Chambers and attempting to apply that analysis in this case.  Application note one to U.S.S.G. § 2P1.1(b)(3) defines "non-secure custody" as "custody with no significant physical restraint (*e.g.*, where a defendant walked away from a work detail outside the security perimeter of an institution; where a defendant failed to return to any institution from a pass or unescorted furlough; or where a defendant escaped from an institution with no physical perimeter barrier)."

17

documents filed in Pittsburg County District Court, Case No. 89-457. See Dkt. # 107, Ex. B. The Information filed in that case provided as follows:

> . . . on or about the 26th day of August A.D. 1989, and anterior to the presentment hereof, in Pittsburg County, State of Oklahoma, DONNIE WARREN . . . did unlawfully, wilfully, stealthily, and feloniously, . . . and while legally confined to the said McAlester Community Treatment Center, said defendant did then and there depart lawful custody with the intent to unlawfully evade the due course of justice.

Id. As part of the "Summary of Facts" filed in Case No. F-89-457, Defendant wrote "me and inmate Highfield were only going to get more beer. We had no intention of escaping until we were stoped [sic] by the police." Id. The Judgment reflects that Defendant was sentenced to two (2) years in custody having pled guilty to the charge of escape from a penal institution. Id. That record reflects that Defendant's Pittsburg County escape was a walkaway from a community treatment center. For the reasons discussed above in analyzing Defendant's Muskogee County escape, the Court finds that Defendant's Pittsburg County escape had a low potential for risk of physical injury or of violence in his later apprehension. See Charles, 667 F.Supp.2d at 1249. Accordingly, the Pittsburg County escape does not qualify as a "violent felony" under 18 U.S.C. § 924(e)(1).

In summary, the Court concludes that neither of Defendant's escape convictions qualify as "violent offenses" under the ACCA. Without the two escape convictions, Defendant had only two prior felony offenses qualifying as predicate offenses under the ACCA: the arson conviction entered in Wagoner County District Court, Case No. CRF-86-231, and a Second Degree Burglary conviction entered in Wagoner County District Court, Case No. CRF-88-65.[4] Defendant does not qualify for

---

[4]The record does not support the government's claim, see Dkt. # 107 at 2, that Defendant had another Burglary in the Second Degree conviction entered in Wagoner County District Court, Case No. CRF-86-231. Defendant's only Second Degree Burglary conviction was entered in Wagoner County District Court, Case No. CRF-88-065. See PSR at ¶¶ 13, 32

18

sentence enhancement under the ACCA. Therefore, this matter shall be set for resentencing. An attorney shall be appointed to represent Defendant at resentencing.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to clarify (Dkt. # 85) is **declared moot**.

2. Defendant's motion for grand jury transcripts (Dkt. # 86) is **denied**.

3. Defendant's motion for an evidentiary hearing (Dkt. # 93) is **denied**.

4. Defendant's motion to supplement and/or amend (Dkt. # 103) is **granted**.

5. Defendant is entitled to sentencing relief under Chambers v. United States, 555 U.S. 122 (2009).

6. Resentencing is set for **January 5, 2012, at 1:30 p.m., in the 2nd floor courtroom of the Federal Building, 224 South Boulder Ave., Tulsa, Oklahoma.** The Government is directed to make arrangements for Defendant's presence at resentencing.

7. An attorney shall be appointed to represent Defendant at the resentencing.

8. Defendant's motion to amend (Dkt. # 81) is **granted**.

9. The claims asserted in Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Dkt. # 73) and the claims asserted in the motion to amend (Dkt. # 81) lack merit and further relief based on those claims is **denied**.

SO ORDERED this 7th day of September, 2011.

*Terence C Kern*
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE